**IN THE COURT OF APPEALS OF IOWA**

No. 21-0006
Filed May 12, 2021

**IN THE INTEREST OF B.C.,**
**Minor Child,**

**R.C., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

　　A father appeals the termination of parental rights to his child. **AFFIRMED.**

　　Brian T. Bappe of Bappe Law Office, Nevada, for appellant father.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Shannon M. Leighty, Nevada, attorney and guardian ad litem for minor child.

　　Considered by Tabor, P.J., Schumacher, J., and Carr, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

A father appeals the termination of his parental rights to his child under Iowa Code section 232.116(1)(e) and (h) (2020).  He does not challenge the grounds for termination but contends termination is contrary to the child's best interests. We review his claim de novo.  *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child was removed from the mother's care and placed in the father's temporary custody after testing positive for methamphetamine and marijuana at birth.  But the child was moved to another relative placement just days later after the father also tested positive for methamphetamine.  Concerns about the parents' drug use and mental health, as well as the mother's history of domestic abuse against the father, led the juvenile court to adjudicate the child to be a child in need of assistance in September 2019.  When those concerns persisted in March 2020, the juvenile court granted the father six more months to eliminate the need for the child's removal.  That progress never came, and the juvenile court directed the State to initiate termination proceedings following the September 2020 permanency review hearing.  The court ordered termination in December 2020.

The father disputes that termination is in the child's best interests.  *See* Iowa Code § 232.116(2); *In re D.W*, 791 N.W.2d 703, 706-07 (Iowa 2010).   In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  The "defining elements" of a child's best interests are the child's safety and "need for a permanent home."  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Although the father argues that he was working toward being able to provide a safe and stable home for the child at the time of termination, the record shows he was homeless, using drugs, and still in need of drug and mental-health treatment. The father admitted he was unable to provide for the child's needs. We recognize that "the law requires a 'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,'" but "Iowa has built this patience into the statutory scheme of Iowa Code chapter 232." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (citation omitted). The grounds on which the court terminated the father's parental rights allow termination after six months. *See* Iowa Code § 232.116(1)(e)(2), (h)(3). Despite being granted additional time, the father remained unable to offer the child a safe and stable home fifteen months after the child's removal. Weighing the father's failure to improve against the child's need for safety and stability, we agree termination is in the child's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)); *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that "patience on behalf of the parent can quickly translate into intolerable hardship for the child[]").

The father also argues that termination would be detrimental to the child due to the closeness of the parent-child bond. If such a bond exists, the court "need not" terminate parental rights. *See* Iowa Code § 232.116(3)(c). But here, there is no basis for finding a bond so close that termination would be detrimental to the child. Aside from a few days after birth, the child has not been in the father's

care. *See In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011) ("Any bond that exists between the parents and the child in this case is limited considering the child's young age and the time he has spent out of their care."). The father regularly attended visits and has a good relationship and bond with the child, but "the existence of a bond is not enough." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). The father failed to show that terminating his parental rights would be more detrimental than not. *See In re W.M.*, ___ N.W.2d ___, ___, 2021 WL 1228087, at *7 (Iowa 2021) (noting that although a bond existed between a mother and her children, the mother "failed to provide the clear and convincing evidence necessary to show that, on balance, that bond makes termination more detrimental than not").

Because termination is in the child's best interests, we affirm.

**AFFIRMED.**